DALTON v. REDD, et al.

No. 5456.   Decided January 8, 1935.   (39 P. [2d] 1068]

478

*B. W. Dalton,* of Price, for plaintiff.

*Dan B. Shields* and *Geo. G. Armstrong,* both of Salt Lake City, and *W. C. Gease,* of Price, for defendants.

ELIAS HANSEN, Justice.

The questions of law involved in this cause are, in the main, the same as were involved in the case of *Salter* v. *Nelson, County Treasurer* (Utah) 39 P. (2d) 1061, which has just been decided. In this case, as in the former, plaintiff filed a petition praying for an alternative writ of mandate directing defendant Reese M. Reese, as treasurer of an irrigation district, to receive bonds and interest coupons of that district and to issue therefor a receipt discharging the lands of petitioner from future levy of taxes and assessments for the payment of bonds of the district or that he show cause why he has not done so. The members of the board of supervisors of the Price River Water Conservation District and the committee representing a number of bondholders of the district were made parties defendant because they are interested in the subject-matter of this litigation. In response to the writ, the defendants Reese M. Reese and W. J. Halloran, a member of the bondholders'

committee, appeared and filed separate demurrers. The defendants, members of the board of directors of the Price River Water Conservation District, have not appeared. The defendant Reese M. Reese, ex officio treasurer of the Price River Water Conservation District, demurred generally to the petition for want of sufficient facts to entitle petitioner to the relief sought. The demurrer filed by W. J. Halloran is both general and special. The special demurrer was upon the grounds that this court was without jurisdiction of the bondholders' committee and that there is a misjoinder of parties defendants. Mr. Halloran, on behalf of the bondholders' committee, also filed an answer in which he denied generally the allegations of the petition. In light of the view we take with respect to the general demurrers it will not be necessary to consider the other pleadings filed in the cause. It is, in substance, alleged in the petition that prior to 1922, the Price River Water Conservation District was organized under and pursuant to chapter 68, Laws of Utah 1919; that there has been a total of 65,235.05-acre feet of water allotted to landowners of the district; that on June 1, 1924, the district issued and on July 22, 1924, sold $750,000 par value serial first issue bonds in denominations of $100, $500, and $1,000, all bearing interest at 6 per cent per annum payable on June 1st and December 1st of each year; that one-tenth of such bonds matured June 1, 1935, and one-tenth thereof annually thereafter to and including June 1, 1944; that plaintiff is the owner of a tract of land within the Price River Water Conservation District; that there has been allotted to the tract of land so owned by petitioner 78.72 feet of water; that on February 6, 1933, petitioner tendered to defendant Reese M. Reese, ex officio treasurer of the Price River Water Conservation District, two bonds of such district, one for the sum of $1,000 with interest coupons attached, and one for $500 with interest coupons attached; that upon making such tender petitioner demanded that defendant Reese M. Reese, as such treasurer, issue to petitioner a receipt showing that his lands are fully relieved from all

further payments of bond fund taxes of the district; that defendant Reese M. Reese refused and still refuses to accept the bonds and interest coupons, and also refuses to issue the demanded receipt; that the bonds so tendered are each by their terms made payable on June 1, 1934; that the total amount of the tendered bonds is more than sufficient to pay petitioner's proportion of the total amount of the bonded indebtedness of the district including 15 per cent to cover delinquencies.

It will be observed from the foregoing summary of the allegations of the petition that what was said and decided in the case of *Salter* v. *Nelson* (Utah) 39 P. (2d) 1061, is controlling here. In this case the district has but one outstanding issue of bonds. Therefore what was said in the former case with respect to priority of the first bond issue has no application here. So, also, here unlike in the former case petitioner has tendered a sufficient amount to cover 15 per cent for delinquencies. Defendants in this case made the claim that the Irrigation District Act does not designate the value at which the interest coupons or bonds of the district shall be received by the treasurer, and that therefore the treasurer is at a loss to know the value to place on the bonds and interest coupons. The claim is without merit. The act provides that interest coupons and bonds shall be received "as so much lawful money of the United States." This language clearly means that the interest coupons and bonds shall be received at face value, the same as lawful money of the United States is received at face value.

For the reasons stated in the case of *Salter* v. *Nelson,* supra, just decided, and it appearing that the bonds and interest coupons tendered by petitioner in this case had not reached maturity when tendered, the alternative writ heretofore issued is recalled. The writ prayed for is denied and the petition dismissed. Costs to defendant.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.